No. 22-51043

# United States Court of Appeals for the Fifth Circuit

UNITED STATES OF AMERICA,

*Plaintiff–Appellee,*

*v.*

PAUL LUNA,

*Defendant–Appellant.*

Appeal from the United States District Court
for the Western District of Texas
No. 1:22-CR-142-LY

### APPELLEE'S MOTION FOR SUMMARY AFFIRMANCE IN LIEU OF FILING AN APPELLEE'S BRIEF

In lieu of filing an appellee's brief, the United States respectfully requests that this Court summarily affirm Paul Luna's conviction. In support of this motion, the United States shows:

### INTRODUCTION

Luna was convicted of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). He raises two purely legal challenges to

§ 922(g)(1), both for the first time on appeal. Both challenges fail under controlling law. As this Court has repeatedly recognized, no binding precedent supports (and a mountain of persuasive authority unanimously rejects) Luna's Second Amendment claim. Thus, Luna raises no substantial argument that the district court plainly erred. And, as Luna concedes, binding precedent forecloses his Commerce Clause claim. This Court should summarily affirm Luna's conviction.

## BACKGROUND

Luna was wanted for aggravated assault with a deadly weapon. (ROA.53, 551.) Police officers found Luna's car and followed him to a Walmart, where they arrested him. (ROA.53, 551.) They found a loaded 9-millimeter pistol in Luna's waistband and methamphetamine, heroin, and cash in his pockets. (ROA.53, 551.) Luna had numerous prior felony convictions, including for violent and drug crimes. (ROA.54–55, 554–63.) Luna was charged with being a felon in possession of a firearm. (ROA.7.) *See* 18 U.S.C. § 922(g)(1). He pled guilty without a plea agreement. (ROA.193–94, 551.) The district court sentenced him to 96 months' imprisonment. (ROA.156, 284.)

On appeal, Luna raises two forfeited constitutional challenges to § 922(g)(1), the statute under which he was convicted. First, he claims that § 922(g)(1) violates the Second Amendment under the framework set forth in *New York State Rifle & Pistol Association, Inc. v. Bruen*, 142 S. Ct. 2111 (2022). (*See* Def. Br. 8–38.) Second, he claims that § 922(g)(1) exceeds

Congress's power under the Commerce Clause unless construed as requiring a closer connection to interstate commerce than the "minimal nexus" required by the Supreme Court's and this Court's precedents. (*See* Def. Br. 39–45.)

## Argument

This Court should summarily affirm Luna's conviction. "Summary affirmance is appropriate if 'the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case.'" *United States v. Arambula*, 950 F.3d 909, 909 (5th Cir. 2020) (quoting *Groendyke Transp. Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969)).

**1.** Luna's forfeited Second Amendment challenge to 18 U.S.C. § 922(g)(1) presents no substantial question because—as this Court has repeatedly held—no binding precedent supports it. Luna concedes that this Court should review this forfeited claim for plain error. (Def. Br. 8.) Error is "plain" only if it is "clear or obvious, rather than subject to reasonable dispute." *United States v. Ramirez*, 37 F.4th 233, 235 (5th Cir. 2022). This Court "ordinarily do[es] not find plain error when [it has] not previously addressed an issue." *United States v. Evans*, 587 F.3d 667, 671 (5th Cir. 2009) (quotation marks omitted). "Even where the argument requires only extending authoritative precedent, the failure of the district court to do so cannot be plain error." *Id.* (quotation marks omitted).

In at least five cases, this Court has held that "[b]ecause there is no binding precedent explicitly holding that § 922(g)(1) is unconstitutional and because it is not clear that *Bruen* dictates such a result, [a defendant] is unable to demonstrate an error that is clear or obvious." *United States v. Johnson*, No. 22-20300, 2023 WL 3431238, at *1 (5th Cir. May 12, 2023) (unpublished); *accord United States v. Wilson*, No. 22-40591, 2023 WL 3267842, at *3 (5th Cir. May 5, 2023) (unpublished); *United States v. Pickett*, No. 22-11006, 2023 WL 3193281, at *1 (5th Cir. May 2, 2023) (unpublished); *United States v. Hickcox*, No. 22-50365, 2023 WL 3075054, at *1 (5th Cir. Apr. 25, 2023) (unpublished); *United States v. Roy*, No. 22-10677, 2023 WL 3073266, at *1 (5th Cir. Apr. 25, 2023) (unpublished). No intervening precedent improves the picture for Luna. These cases defeat Luna's plain-error challenge, leaving no substantial Second Amendment question.

Indeed, Luna's claim is not just unsupported by precedent—it is foreclosed. Under the rule of orderliness, "one panel of [this] court may not overturn another panel's decision, absent an intervening change in the law, such as by a statutory amendment, or the Supreme Court, or our *en banc* court." *In re Bonvillian Marine Serv., Inc.*, 19 F.4th 787, 792 (5th Cir. 2021). "[F]or a Supreme Court decision to change [this] Circuit's law, it must be more than merely illuminating with respect to the case before the court and must unequivocally overrule prior precedent." *Id.* (brackets and internal quotation marks omitted).

This Court's binding precedents uphold § 922(g)(1) because it squares with "the historically understood right to bear arms protected by the Second Amendment." *United States v. Darrington*, 351 F.3d 632, 634 (5th Cir. 2003); *see also United States v. Everist*, 368 F.3d 517, 519 (5th Cir. 2004) (same). This Court has repeatedly recognized that *Darrington* and *Everist* foreclose Second Amendment challenges to § 922(g)(1). *See, e.g., United States v. Massey*, 849 F.3d 262, 265 (5th Cir. 2017); *United States v. Scroggins*, 599 F.3d 433, 451 (5th Cir. 2010); *United States v. Anderson*, 559 F.3d 348, 352 (5th Cir. 2009); *United States v. Mares*, 402 F.3d 511, 516 (5th Cir. 2005).

*Bruen* did not unequivocally overrule this Court's § 922(g)(1) precedents. *Cf. United States v. Sitladeen*, 64 F.4th 978, 987 (8th Cir. 2023) (holding that *Bruen* did not overrule precedents foreclosing Second Amendment challenges to § 922(g)(5)). *Bruen* did not address status-based criminal laws like § 922(g)(1). *Bruen*'s broadest holding was that means-end scrutiny is "inconsistent with *Heller*'s historical approach." 142 S. Ct. at 2129. But, *Bruen* explained, prior circuit precedents "ascertain[ing] the original scope of the right based on its historical meaning" were "broadly consistent with *Heller*." *Id.* at 2126–27. This Court's pre-*Bruen* precedents did exactly that, asking whether § 922(g)(1) infringed the Second Amendment right "as historically understood." *See Darrington*, 351 F.3d at 633–34. Since *Bruen*, this Court has reconfirmed—albeit in *dicta*—that being a convicted felon or member of another group subject to "longstanding prohibition[s] on the possession of firearms" excludes a person "from the political community

within the [Second Amendment's] scope." *United States v. Rahimi*, 61 F.4th 443, 452 (5th Cir. 2023). Luna thus presents no substantial argument for upsetting this Court's binding precedent.

Were all this not enough, a veritable wall of persuasive authority shows that Luna presents no substantial Second Amendment question. The only circuit panel to decide whether § 922(g)(1) violates the Second Amendment post-*Bruen* held (albeit in a decision now vacated pending *en banc* rehearing) that the Second Amendment does not cover convicted felons and that, even if it did, § 922(g)(1) squares with the nation's historical tradition of gun regulation. *See Range v. Att'y Gen. United States*, 53 F.4th 262, 282–85 (3d Cir. 2022), *reh'g en banc granted, opinion vacated sub nom.*, 56 F.4th 992 (3d Cir. 2023); *see also United States v. Hill*, No. 22-2400, 2023 WL 2810289, at *2 (7th Cir. Apr. 6, 2023) (unpublished) (agreeing with defense counsel's *Anders* brief that a plain-error Second Amendment challenge to § 922(g)(1) would be frivolous); *United States v. Mattocks*, No. 22-3008, 2023 WL 1769950, at *1 (D.C. Cir. Feb. 6, 2023) (unpublished) (affirming the denial of *coram nobis* relief because the defendant had not "demonstrated fundamental error based on his argument that his conviction under § 922(g)(1) violated the Second Amendment"); *United States v. Gonzalez*, No. 22-1242, 2022 WL 4376074, at *2 (7th Cir. Sept. 22, 2022) (unpublished) (agreeing with defense counsel's *Anders* brief that "it would be frivolous to argue that § 922(g)(1) is unconstitutional [under the Second Amendment] as applied to" a violent felon). Almost 150 post-*Bruen*

district-court decisions (and counting) also unanimously hold that § 922(g)(1) does not violate the Second Amendment.[1] The government

---

[1] *See United States v. Meyer*, No. 22-cr-10012, Dkt. No. 53 (S.D. Fl. May 9, 2023); *United States v. Carter*, No. 22-cr-20477, Dkt. No. 51 (E.D. Mi. May 9, 2023); *United States v. Bluer*, No. 22-cr-20557, Dkt. No. 27 (E.D. Mi. May 8, 2023); *United States v. Hazley*, No. 22-cr-20612, Dkt. No. 32 (E.D. Mi. May 5, 2023); *United States v. Murphy*, No. 22-cr-121, Dkt. No. 42 (N.D. Ill. May 3, 2023); *United States v. Thompson*, No. 22-cr-173, Dkt. No. 53 (E.D. La. Apr. 7, 2023); *United States v. Taylor*, No. 22-cr-20315, Dkt. No. 36 (E.D. Mi. Apr. 26, 2023); *United States v. McIlwain*, No. 2:23-cr-20012, Dkt. No. 28 (E.D. Mi. Apr. 26, 2023); *United States v. Thomas*, No. 2:23-cr-20036, Dkt. No. 27 (E.D. Mi. Apr. 25, 2023); *United States v. Cummings*, No. 1:22-cr-51, Dkt. No. 49 (N.D. Ind. Apr. 20, 2023); *United States v. Payne*, No. 4:22-cr-173, Dkt. No. 24 (S.D. Tex. Apr. 12, 2023); *United States v. Guthery*, No. 2:22-cr-173, Dkt. No. 49 (E.D. Cal. Mar. 29, 2023); *United States v. Finney*, No. 2:23-cr-13, Dkt. No. 23 (E.D. Va. Mar. 29, 2023); *United States v. Dixon*, No. 1:22-cr-140, Dkt. No. 76 (N.D. Ill. Mar. 28, 2023); *United States v. Pena*, No. 2:22-cr-366, Dkt. No. 95 (C.D. Cal. Mar. 21, 2023); *United States v. Hoeft*, No. 4:21-cr-40163, Dkt. No. 103 (D. S.D. Mar. 21, 2023); *United States v. Rice*, No. 3:22-cr-36, Dkt. No. 40 (N.D. Ind. Mar. 17, 2023); *United States v. Davis*, No. 1:21-cr-206, Dkt. No. 86 (E.D. Cal. Mar. 14, 2023); *United States v. Kilgore*, No. 1:21-cr-277, Dkt. No. 40 (E.D. Cal. Mar. 14, 2023); *United States v. Lindsey*, No. 4:22-cr-138, Dkt. No. 25 (S.D. Iowa Mar. 10, 2023); *United States v. Tribble*, No. 2:22-cr-85, Dkt. No. 48 (N.D. Ind. Mar. 10, 2023); *Leonard v. United States*, No. 1:22-cv-22670, Dkt. No. 15 (S.D. Fla. Mar. 10, 2023); *United States v. Therrien*, No. 1:21-cr-10323 (D. Mass. Mar. 6, 2023); *United States v. Price*, No. 1:19-cr-824, Dkt. No. 105 (N.D. Ill. Mar. 3, 2023); *United States v. Belin*, No. 1:21-cr-10040, Dkt. No. 65 (D. Mass. Mar. 2, 2023); *United States v. Clark*, No. 1:20-cr-49, Dkt. No. 61 (N.D. Ind. Mar. 2, 2023); *United States v. Braster*, No. 1:20-cr-66, Dkt. No. 42 (N.D. Ind. Mar. 2, 2023); *United States v. Barnes*, No. 1:22-cr-43, Dkt. No. 42 (S.D.N.Y. Feb. 28, 2023); *United States v. Beard*, No. 4:22-cr-92, Dkt. No. 58 (S.D. Tex. Feb. 27, 2023); *United States v. Smith*, No. 2:22-cr-20351, Dkt. No. 35 (E.D. Mich. Feb. 24, 2023); *United States v. Barber*, No. 3:22-cr-65, Dkt. No. 58 (D. Ak. Feb. 21, 2023); *United States v. Ross*, No. 2:22-cr-20049, Dkt. No. 34 (E.D. Mich. Feb. 15, 2023); *United States v. Price*, No. 1:21-cr-164, Dkt. No. 122 (N.D. Ill. Feb. 13, 2023); *United States v. Gleaves*, No. 3:22-cr-14, Dkt. No. 116 (M.D. Tenn. Feb. 6, 2023); *United States v. Bacchus*, No. 2:22-cr-450, Dkt. No. 120 (C.D. Cal. Feb. 2, 2023); *United States v. Isaac*, No. 5:22-cr-117, Dkt. No. 27, 2023 WL 1415597 (N.D. Ala. Jan. 31, 2023); *United States v. Taylor*, No. 3:22-cr-22, Dkt. No. 32, 2023 WL 1423725 (E.D. Ky. Jan. 31, 2023); *United States v. Barber*, No. 4:20-cr-384, Dkt. No.

118, 2023 WL 1073667 (E.D. Tex. Jan. 27, 2023); *United States v. Hester*, No. 1:22-cr-20333, Dkt. No. 39 (S.D. Fla. Jan. 27, 2023); *United States v. Brown*, No. 2:20-cr-260, Dkt. No. 186, 2023 WL 424260 (E.D. Pa. Jan. 26, 2023); *United States v. Rush*, No. 4:22-cr-40008, Dkt. No. 46, 2023 WL 403774 (S.D. Ill. Jan. 25, 2023); *Davis v. United States*, No. 5:22-cv-224, Dkt. No. 1, 2023 WL 373172 (E.D. Ky. Jan. 24, 2023); *Battles v. United States*, No. 4:23-cv-63, Dkt. No. 2, 2023 WL 346002 (E.D. Mo. Jan. 20, 2023); *United States v. Gordon*, No. 1:14-cr-312, Dkt. No. 170, 2023 WL 336137 (N.D. Ga. Jan. 20, 2023); *Shipley v. Hijar*, No. 3:23-cv-11, Dkt. No. 3, 2023 WL 353994 (W.D. Tex. Jan. 20, 2023); *United States v. Smith*, No. 2:19-cr-505, Dkt. No. 183 (C.D. Cal. Jan. 19, 2023); *United States v. Serrano*, No. 3:21-cr-1590, Dkt. No. 65 (S.D. Cal. Jan. 17, 2023); *United States v. Tucker*, No. 2:22-cr-17, Dkt. No. 30, 2023 WL 205300 (S.D. W. Va. Jan. 17, 2023); *United States v. Robinson*, No. 4:22-cr-70, Dkt. No. 39, 2023 WL 214163 (W.D. Mo. Jan. 17, 2023); *United States v. Whittaker*, No. 1:22-cr-272, Dkt. No. 33 (D.D.C. Jan. 12, 2023); *United States v. Spencer*, No. 2:22-cr-561, Dkt. No. 24 (S.D. Tex. Jan. 12, 2023); *United States v. Garrett*, No. 1:18-cr-880, Dkt. No. 144 (N.D. Ill. Jan. 11, 2023); *United States v. Moore*, No. 3:20-cr-474, Dkt. No. 100, 2023 WL 154588 (D. Or. Jan. 11, 2023); *United States v. Jordan*, No. 3:22-cr-1140, Dkt. No. 39, 2023 WL 157789 (W.D. Tex. Jan. 11, 2023); *Campiti v. Garland*, No. 3:22-cv-177, Dkt. No. 27 (D. Conn. Jan. 10, 2023); *United States v. Coleman*, No. 3:22-cr-8, Dkt. No. 117, 2023 WL 122401 (N.D. W.Va. Jan. 6, 2023); *United States v. Medrano*, No. 3:21-cr-39, Dkt. No. 65, 2023 WL 122650 (N.D. W.Va. Jan. 6, 2023); *United States v. Olson*, No. 1:22-cr-20525, Dkt. No. 33 (S.D. Fla. Jan. 5, 2023); *United States v. Good*, No. 1:21-cr-180, 2022 WL 18107183 (W.D. Mo. Nov. 18, 2022), report and recommendation adopted, 2023 WL 25725 (W.D. Mo. Jan. 3, 2023); *United States v. Wondra*, No. 1:22-cr-99, 2022 WL 17975985 (D. Idaho Dec. 27, 2022); *United States v. Jones*, No. 5:22-cr-376, Dkt. No. 59 (W.D. Okla. Dec. 23, 2022); *United States v. Williams*, No. 1:21-cr-362, 2022 WL 17852517 (N.D. Ga. Dec. 22, 2022); *United States v. Dawson*, No. 3:21-cr-293, 2022 WL 17839807 (W.D.N.C. Dec. 21, 2022); *United States v. Goins*, No. 5:22-cr-91, Dkt. No. 32 (E.D. Ky. Dec. 21, 2022); *United States v. Mugavero*, No. 3:22-cr-1716, Dkt. No. 29 (S.D. Cal. Dec. 19, 2022); *United States v. Roux*, No. 1:22-cr-19 (D. N.H. Dec. 16, 2022); *United States v. Hunter*, No. 1:22-cr-84, 2022 WL 17640254 (N.D. Ala. Dec. 13, 2022); *United States v. Spencer*, No. 2:22-cr-106, , 2022 WL 17585782 (E.D. Va. Dec. 12, 2022); *United States v. Dotson*, No. 3:22-cr-1502, Dkt. No. 26 (S.D. Cal. Dec. 12, 2022); *United States v. Tran*, No. 3:22-cr-331, Dkt. No. 63 (S.D. Cal. Dec. 12, 2022); *United States v. Fencl*, No. 3:21-cr-3101, Dkt. No. 81 (S.D. Cal. Dec. 7, 2022); *United States v. Perez-Garcia*, No. 3:22-cr-1581, Dkt. No. 70 (S.D. Cal. Dec. 6, 2022); *United States v. Walker*, No. 2:19-cr-234, Dkt. No. 83 (E.D. Cal. Dec. 6, 2022); *United States v. Grinage*, No. 5:21-cr-399, Dkt.

No. 51, 2022 WL 17420390 (W.D. Tex. Dec. 5, 2022); *United States v. Wagoner*, No. 4:20-cr-18, Dkt. No. 262, 2022 WL 17418000 (W.D. Va. Dec. 5, 2022); *United States v. Gay*, No. 4:20-cr-40026, Dkt. No. 412 (C.D. Ill. Dec. 5, 2022); *Shelby-Journey-Egnis v. United States*, No. 2:21-cr-20535, Dkt. No. 53 (E.D. Mich. Dec. 5, 2022); *United States v. Glaze*, No. 5:22-cr-425, Dkt. No. 23 (W.D. Okla. Dec. 1, 2022); *United States v. Ford*, No. 4:21-cr-179, Dkt. No. 52, 2022 WL 17327499 (W.D. Mo. Nov. 29, 2022); *United States v. Jones*, No. 4:20-cr-354, Dkt. No. 78, 2022 WL 17327498 (W.D. Mo. Nov. 29, 2022); *United States v. Jacobs*, No. 2:22-cr-160, Dkt. No. 28 (C.D. Cal. Nov. 28, 2022); *United States v. Cage*, No. 3:21-cr-68, Dkt. No. 41, 2022 WL 17254319 (S.D. Miss. Nov. 28, 2022); *United States v. Willis*, No. 1:22-cr-186, Dkt. No. 36 (D. Colo. Nov. 23, 2022); *United States v. Teerlink*, No. 2:22-cr-24, Dkt. No. 33, 2022 WL 17093425 (D. Utah Nov. 21, 2022); *United States v. Brunson*, No. 3:22-cr-149, Dkt. No. 66 (S.D. Cal. Nov. 18, 2022); *United States v. Hill*, No. 4:22-cr-249, Dkt. No. 42 (S.D. Tex. Nov. 17, 2022); *United States v. Blackburn*, No. 1:22-cr-209, Dkt. No. 28 (M.D. Pa. Nov. 17, 2022); *United States v. Mitchell*, No. 1:22-cr-111, Dkt. No. 43 (S.D. Ala. Nov. 17, 2022); *United States v. Dumont*, No. 1:22-cr-53 (D. N.H. Nov. 14, 2022); *United States v. Baker*, No. 2:20-cr-301, Dkt. No. 179, 2022 WL 16855423 (D. Utah Nov. 10, 2022); *United States v. Carpenter*, No. 1:21-cr-86, Dkt. No. 38, 2022 WL 16855533 (D. Utah Nov. 10, 2022); *United States v. Gray*, No. 1:22-cr-247, Dkt. No. 22, 2022 WL 16855696 (D. Colo. Nov. 10, 2022); *United States v. Moore*, No. 2:21-cr-121, Dkt. No. 81 (W.D. Pa. Nov. 9, 2022); *United States v. Reese*, No. 2:19-cr-257, Dkt. No. 193 (W.D. Pa. Nov. 8, 2022); *United States v. Young*, No. 2:22-cr-54, Dkt. No. 47 (W.D. Pa. Nov. 7, 2022); *United States v. Butts*, No. 9:22-cr-33, Dkt. No. 33 (D. Mont. Oct. 31, 2022); *United States v. Burton*, No. 3:22-cr-362, Dkt. No. 48 (D. S.C. Oct. 28, 2022); *United States v. Carleson*, No. 3:22-cr-32, Dkt. No. 39 (D. Ak. Oct. 28, 2022); *United States v. Grant*, No. 3:22-cr-161, Dkt. No. 44, 2022 WL 16541138 (D. S.C. Oct. 28, 2022); *Walker v. United States*, No. 3:20-cv-31, Dkt. No. 16, 2022 WL 16541183 (S.D. Cal. Oct. 28, 2022); *United States v. Law*, No. 2:20-cr-341, Dkt. No. 60 (W.D. Pa. Oct. 27, 2022); *United States v. Borne*, No. 1:22-cr-83, Dkt. No. 35 (D. Wyo. Oct. 24, 2022); *United States v. Minter*, No. 3:22-cr-135, Dkt. No. 33 (M.D. Pa. Oct. 18, 2022); *United States v. Melendrez-Machado*, No. 3:22-cr-634, Dkt. No. 32, --- F. Supp. 3d ----, 2022 WL 17684319 (W.D. Tex. Oct. 18, 2022); *United States v. Raheem*, No. 3:20-cr-61, Dkt. No. 389, 2022 WL 10177684 (W.D. Ky. Oct. 17, 2022); *United States v. Ridgeway*, No. 3:22-cr-175, Dkt. No. 32, 2022 WL 10198823 (S.D. Cal. Oct. 17, 2022); *United States v. Trinidad*, No. 3:21-cr-398, Dkt. No. 99, 2022 WL 10067519 (D.P.R. Oct. 17, 2022); *United States v. Carrero*, No. 2:22-cr-30, Dkt. No. 50, 2022 WL 9348792 (D. Utah Oct. 14, 2022); *United States v. Ortiz*, No. 3:21-cr-2503, Dkt. No. 91 (S.D. Cal. Oct. 14, 2022); *United States v. Riley*, No. 1:22-cr-163, Dkt. No. 37, 2022 WL 7610264 (E.D. Va. Oct. 13, 2022); *United States v. Price*, No.

knows of no decision holding § 922(g)(1) unconstitutional after *Bruen*. Luna cannot credibly say that this broad consensus is not just wrong, but clearly or obviously so.

---

2:22-cr-97, --- F. Supp. 3d ----, 2022 WL 6968457, at *6-9 (S.D. W.Va. Oct. 12, 2022); *United States v. King*, No. 7:21-cr-255, Dkt. No. 50, 2022 WL 5240928 (S.D.N.Y. Oct. 6, 2022); *United States v. Daniels*, No. 1:03-cr-83, Dkt. No. 69, 2022 WL 5027574 (W.D.N.C. Oct. 4, 2022); *United States v. Charles*, No. 7:22-cr-154, Dkt. No. 48, 2022 WL 4913900 (W.D. Tex. Oct. 3, 2022); *United States v. Williams*, No. 3:21-cr-478, Dkt. No. 76 (S.D. Cal. Sept. 30, 2022); *United States v. Harper*, No. 5:21-cr-4085, 2022 WL 8288406 (N.D. Iowa Sept. 9, 2022), report and recommendation adopted, 2022 WL 4595060 (N.D. Iowa Sept. 30, 2022); *United States v. Campbell*, No. 5:22-cr-138, Dkt. No. 64 (W.D. Okla. Sept. 27, 2022); *United States v. Siddoway*, No. 1:21-cr-205, Dkt. No. 54, 2022 WL 4482739 (D. Idaho Sept. 27, 2022); *United States v. Perez*, No. 3:21-cr-508, Dkt. No. 78 (S.D. Cal. Sept. 26, 2022); *United States v. Collette*, No. 7:22-cr-141, Dkt. No. 66, 2022 WL 4476790 (W.D. Tex. Sept. 25, 2022); *United States v. Delpriore*, No. 3:18-cr-136, Dkt. No. 287 (D. Ak. Sept. 23, 2022); *United States v. Coombes*, No. 4:22-cr-189, Dkt. No. 39, 2022 WL 4367056 (N.D. Okla. Sept. 21, 2022); *United States v. Hill*, No. 3:21-cr-107, Dkt. No. 70, 2022 WL 4361917 (S.D. Cal. Sept. 20, 2022); *United States v. Rojo*, No. 3:21-cr-682, Dkt. No. 50 (S.D. Cal. Sept. 14, 2022); *United States v. Cockerham*, No. 5:21-cr-6, Dkt. No. 31 (S.D. Miss. Sept. 13, 2022); *United States v. Jackson*, No. 0:21-cr-51, Dkt. No. 114, 2022 WL 4226229 (D. Minn. Sept. 13, 2022); *United States v. Havins*, No. 3:21-cr-1515, Dkt. No. 62 (S.D. Cal. Sept. 12, 2022); *United States v. Patterson*, No. 7:19-cr-231 (S.D.N.Y. Sept. 9, 2022); *United States v. Doty*, No. 5:21-cr-21, Dkt. No. 34 (N.D. W.Va. Sept. 9, 2022); *United States v. Burrell*, No. 3:21-cr-20395, Dkt. No. 34, 2022 WL 4096865 (E.D. Mich. Sept. 7, 2022); *United States v. Randle*, No. 3:22-cr-20, Dkt. No. 34 (S.D. Miss. Sept. 6, 2022); *United States v. Ingram*, No. 0:18-cr-557, Dkt. No. 1714, --- F. Supp. 3d ---, 2022 WL 3691350 (D. S.C. Aug. 25, 2022); *United States v. Nevens*, No. 2:19-cr-774, Dkt. No. 121 (C.D. Cal. Aug. 15, 2022); *United States v. Farris*, No. 1:22-cr-149, Dkt. No. 29 (D. Colo. Aug. 12, 2022); *United States v. Adams*, No. 1:20-cr-628 (S.D.N.Y. Aug. 10, 2022); *United States v. Ramos*, No. 2:21-cr-395, Dkt. No. 31 (C.D. Cal. Aug. 5, 2022); *United States v. Doss*, No. 4:21-cr-74, Dkt. No. 126 (S.D. Iowa Aug. 2, 2022); *United States v. Maurice*, No. 7:22-cr-48 (S.D.N.Y. Jul. 14, 2022).

**2.** Luna's forfeited Commerce Clause challenge also presents no substantial question. As Luna concedes (Def. Br. 39), binding precedent forecloses that challenge. *See United States v. Perryman*, 965 F.3d 424, 426 (5th Cir. 2020); *Massey*, 849 F.3d at 266; *United States v. Alcantar*, 733 F.3d 143, 145–46 (5th Cir. 2013).

## Conclusion

This Court should summarily affirm Luna's conviction. Should this Court deny this motion, the government respectfully requests an additional 30 days to file its appellee's brief.

Respectfully submitted,

Jaime Esparza
United States Attorney

*/s/ Charles E. Fowler, Jr.*
Charles E. Fowler, Jr.
Assistant United States Attorney

## Certificate of Conference

I certify that on May 23, 2023, I contacted Luna's counsel, Bradford Bogan, who stated that Luna opposes this motion as to the Second Amendment claim but does not oppose this motion as to the Commerce Clause claim.

*/s/ Charles E. Fowler, Jr.*
Charles E. Fowler, Jr.
Assistant United States Attorney

## CERTIFICATE OF SERVICE

I certify that on May 23, 2023, I filed this motion through this Court's ECF system, which will serve it on all registered users.

                                          */s/ Charles E. Fowler, Jr.*
                                          CHARLES E. FOWLER, JR.
                                          Assistant United States Attorney

## CERTIFICATE OF COMPLIANCE

I certify that:

1. this motion complies with the type-volume limit of Federal Rule of Appellate Procedure 27(d)(2)(A) because it contains 3,491 words, excluding parts exempted by Rule 32(f); and

2. this motion complies with the typeface and type-style requirements of Federal Rules of Appellate Procedure 27(d)(1)(E), 32(a)(5), and 32(a)(6) because it was prepared in a proportionally spaced typeface using Microsoft Office Word 365 in size 14 Calisto MT font.

Dated: May 23, 2023

                                          */s/ Charles E. Fowler, Jr.*
                                          CHARLES E. FOWLER, JR.
                                          Assistant United States Attorney