**In the**
**United States Court of Appeals for the Fifth Circuit**

———————

No. 22-51043

UNITED STATES OF AMERICA,

        *Plaintiff-Appellee*,

v.

PAUL LUNA,

        *Defendant-Appellant*.

———————

Appeal from the United States District Court
for the Western District of Texas

———————

**Appellant's Response in Opposition to Appellee's Motion for Summary Affirmance**

Luna raises two challenges to his conviction of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). First, he argues that the district court plainly erred by entering the judgment against him because the statute is unconstitutional under the Supreme Court's decision in *New York State Rifle & Pistol Association, Inc. v. Bruen*, 142 S. Ct. 2111 (2022). Although this Court has rejected this argument in the past, Luna argues that *Bruen* abrogates that precedent. Second, he argues that the statute exceeds Congress' power under the Commerce Clause. This issue is foreclosed by precedent; Luna raises it to preserve it for further review by the Supreme Court.

Rather than address the merits of Luna's Second Amendment challenge, the Government has moved for summary affirmance. The Court should deny the motion and instead grant the Government's requested alternative relief of an additional 30 days to file its brief.

"This court's summary affirmance procedure is generally reserved for cases in which the parties concede that the issues are foreclosed by Circuit precedent." *United States v. Lopez*, 461 F. App'x 372, 374 n.6 (5th Cir. 2012) (per curiam) (denying Government's motion for summary affirmance because issue "not foreclosed by circuit precedent"); *see also United States v. Cook*, No. 21-10387, 2022 WL 175546, at *1 (5th Cir. Jan. 18, 2022) (per curiam) (unpublished) (citing *Lopez* and *United States v. Houston*, 625 F.3d 871, 873 n.2 (5th Cir. 2010)). Even then, summary affirmance is not appropriate when intervening Supreme Court authority calls earlier Fifth Circuit precedent into question. *See United States v. Rodriguez-Huitron*, 852 F. App'x 146, 147 (5th Cir. 2021) (per curiam) (summary affirmance "not appropriate" even though parties agreed issue was foreclosed by en banc precedent, given intervening Supreme Court decision calling that precedent into question); *United States v. Hernandez*, 841 F. App'x 736, 737 (5th Cir. 2021) (per curiam) (same where there was no published precedent addressing the effect of the Supreme Court's decision on this Court's precedent).

Luna's Second Amendment challenge to the felon-in-possession statute, § 922(g)(1), is not foreclosed, contrary to the Government's claim. *See*

Gov't Mtn. at 4–6. It is true that this Court repeatedly rejected Second Amendment challenges to § 922(g)(1) before *Bruen*. *See* Luna Br. at 9 (citing *United States v. Massey*, 849 F.3d 262, 265 (5th Cir. 2017)); Gov't Mtn. at 5. But this Court recently held that "*Bruen* clearly fundamentally changed our analysis of laws that implicate the Second Amendment, rendering our prior precedent obsolete." *United States v. Rahimi*, 61 F.4th 443, 450–51 (5th Cir. 2022) (cleaned up), *petition for cert. filed*, No. 22-915 (U.S. Mar. 17, 2022). In short, as *Rahimi* put it, "*Bruen* overrules our precedent[.]" *Id.* at 450. A panel of this Court is therefore not bound by pre-*Bruen* precedent on the constitutionality of § 922(g)(1). *See id.* (entertaining challenge to § 922(g)(8) and holding it unconstitutional under the *Bruen* framework).

It makes no difference that Luna raises this challenge on plain error review. *See United States v. Smith*, No. 21-10674, 2022 WL 715487, at *1 (5th Cir. Mar. 9, 2022) (per curiam) (unpublished) (denying Government's motion for summary affirmance in case involving plain error review "[b]ecause [appellant's] argument is not frivolous and is not foreclosed by published precedent"). It is true, as the Government notes, *see* Gov't Mtn. at 3–4, that this Court has rejected plain error *Bruen*-based challenges to § 922(g)(1) in five unpublished cases. *See United States v. Johnson*, No. 22-20300, 2023 WL 3431238, at *1 (5th Cir. May 12, 2023) (per curiam); *United States v. Wilson*, No. 22-40591, 2023 WL 3267842, at *3 (5th Cir. May 5, 2023) (per curiam); *United States v. Pickett*, No. 22-11006, 2023

3

WL 3193281, at *1 (5th Cir. May 2, 2023) (per curiam); *United States v. Hickox*, No. 22-50365, 2023 WL 3075054, at *1 (5th Cir. Apr. 25, 2023) (per curiam); *United States v. Roy*, No. 22-10677, 2023 WL 3073266, at *1 (5th Cir. Apr. 25, 2023) (per curiam). But none of them said that the challenge was foreclosed. Instead, they held that any error was not clear or obvious because of the lack of binding post-*Bruen* precedent on the question. Three of those cases, like Luna's, also involved a Commerce Clause challenge to § 922(g)(1). All three noted that the Commerce Clause challenge was foreclosed but did not say the same of the Second Amendment challenge. *See Wilson*, 2023 WL 3267842, at *3; *Hickox*, 2023 WL 3075054, at *1; *Roy*, 2023 WL 3073266, at *1.

In sum, because Luna's Second Amendment challenge is neither frivolous nor foreclosed, summary affirmance is not appropriate here.

Respectfully submitted.

Maureen Scott Franco
Federal Public Defender

s/ Bradford W. Bogan
Bradford W. Bogan
Assistant Federal Public Defender
Western District of Texas
727 E. César E. Chávez Blvd., B-207
San Antonio, Texas 78206
Tel.: (210) 472-6700
Fax: (210) 472-4454

*Attorney for Defendant-Appellant*

**Certificate of Compliance with Type-Volume Limit**

1. This document complies with the word limit of Fed. R. App. P. 27(d)(2)(A) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f), this document contains 772 words.

2. This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word for Office 365 in 14-point Century Schoolbook.

s/ Bradford W. Bogan<br>
BRADFORD W. BOGAN<br>
*Attorney for Defendant-Appellant*<br>
Dated: June 2, 2023